CA 07 214S

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Sandra Jordan Perez,
Plaintiff,

vs.

Jury Trial Requested

Protocol Recovery Services, Inc., and
Ms. Jones, alias,
Defendants.

---

# Complaint

## Introduction

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendants engaged in harassing and abusive conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq*. ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

## Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

5. Plaintiff Sandra Jordan Perez, formerly known as Sandra Jordan, is a natural person residing in the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant Protocol Recovery Services, Inc., (Protocol), is a corporation organized and existing under the laws of Georgia.

7. The Defendant Ms. Jones, alias, a female, was an employee of Protocol at all times relevant to this Complaint.

8. Protocol does business in the State of Rhode Island.

9. Protocol is registered with the Rhode Island Secretary of State to do business in the State of Rhode Island.

## Facts Common To All Counts

10. At all times relevant to this Complaint, Protocol was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

11. At all times relevant to this Complaint, Jane Doe, was engaged in the business of regularly collecting debts, originally owned to third parties, using the mails and telephone in this state.

12. Protocol is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. At all times relevant to this Complaint, Jane Doe was a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

14. In the summer of 2006, the Plaintiff received a number of telephone calls from a source that hung up shortly after the phone was answered.

15. Starting no later than May 2006, Protocol placed numerous telephone calls to the Plaintiff.

16. In one telephone conversation with the Plaintiff in the summer of 2006, the following conversation took place:

    a. Ms. Jones: "Are you familiar with arbitration, maam?"

    b. Plaintiff: "No"

c. Ms. Jones: "Okay. Basically what's going to happen is this information has been in our office again since May 10th of 2006. We've been trying to get in contact with you to see if we can resolve this issue. If you don't want to resolve it [the alleged debt] voluntarily at this point it is a pre-legal issue and they will submit this information to your local magistrate court, obtain a judgment to either garnish wages, lien property, anything they have to do to get the balance in full. . . ."

17. In the same conversation described in the prior paragraph, the Plaintiff told Ms. Jones that she did not owe the alleged debt.

18. In one August 2006 telephone conversation with Protocol, the Plaintiff told one of Protocol's male employees that he sounded like someone who had been calling the Plaintiff and hanging up on her.

19. In the same August 2006 telephone conversation described in the prior paragraph, Protocol's male employee dismissed the Plaintiff's inquires, stated "now that we've gotten this far, lets discuss your bankruptcy", and he then immediately hung up on the Plaintiff.

20. Within days after the June 10, 2006 telephone conversation, Protocol again called the Plaintiff.

21. Since June 10, 2006, Protocol has repeatedly called the Plaintiff.

**Count 1 – Federal FDCPA – Harassment Through Repeated Telephone Calls**

22. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

23. Protocol engaged the Plaintiff in conversation with the intent to annoy, abuse, or harass her.

24. Protocol called the Plaintiff with the intent to annoy, abuse, or harass her.

25. The Defendants' conduct as described in this Count violated the following section of the FDCPA: 28 USC 1692(d)(5).

26. As a result of Protocol's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28

USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 2 – Federal FDCPA – False or Misleading Representations

27. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

28. Ms. Jones's representations to the Plaintiff regarding arbitration, and Protocol's intended course of conduct, and the outcome of Protocol's intended course of conduct, were false and or misleading.

29. Protocol's representations to the Plaintiff regarding arbitration, and Protocol's intended course of conduct, and the outcome of Protocol's intended course of conduct, were false and or misleading.

30. The Defendants' conduct as described in this Count violated the following sections of the FDCPA: 28 USC 1692(e) and 28 USC 1692(e)(4).

31. As a result of the Defendants' conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore,** the Plaintiff requests judgment against the Defendants, jointly and severally, for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

### Count 3 – State DTPA – Unfair Collection Efforts

32. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

33. Ms. Jones to the Plaintiff while acting within the scope of her employment by Protocol and in furtherance of Protocol's business interests.

34. Protocol's agents who called, and who spoke with, the Plaintiff did so in furtherance of Protocol's business interests.

35. Protocol was, or should have been, aware of its agents conduct while calling the Plaintiff.

36. Protocol did not discipline any of its agents as a result of their calls to, and conversations with, the Plaintiff.

37. It was Protocol's regular practice to allow its agents to conduct themselves in the way they did towards the Plaintiff.

38. It was Protocol's practice to encourage its agents to conduct themselves in the way they did towards the Plaintiff.

39. Protocol did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way they did towards the Plaintiff.

40. Protocol's conduct as described in this Count constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(5)(xiii).

41. Protocol's conduct as described in this Count is prohibited by the DTPA at RIGL 6-13.1-2.

42. Protocol's conduct as described in this Count was deliberate and outrageous.

43. As a result of Protocol's conduct as described in this Count, the Plaintiff suffered damages including mental suffering, telephone expenses, and attorney fees.

**Wherefore**, the Plaintiff requests judgment against Protocol for 1) her actual damages and pursuant to RIGL 6-13.1-5.2(a) for 2) statutory damages in the amount of $200; 3) costs and attorney fees; 4) a permanent injunction restraining Protocol from engaging in the wrongful conduct in the future; 5) punitive damages; and 6) such other relief as the Court may deem just and appropriate.

Sandra Jordan Perez,
By her Attorney,

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.